CAUSE NO. CL-21-0355-D

| | | |
|---|---|---|
| YOLANDIA ANN YBARRA | § | IN THE COUNTY COURT |
| | § | |
| v. | § | AT LAW NO. 4 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | HIDALGO COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND
IN RESPONSE TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WAL-MART STORES TEXAS, L.L.C., Defendant in the above entitled and numbered cause, and files this Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

I.
GENERAL DENIAL

Defendant herein avails Defendant of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

II.
AFFIRMATIVE DEFENSES

2.01    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff, to the extent the jury finds that Plaintiff failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue and that Plaintiff's

*Defendant's Original Answer and Jury Demand
In Response to Plaintiff's Original Petition*
25,345                                                                                                                    1

acts and omissions, whether taken together or separately, proximately caused the occurrence and thus the injuries and damages to Plaintiff which are alleged in Plaintiff's petition.

2.02    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that this case is governed by the 1995 Tort Reform Amendments and 2003's HB4. As a consequence:

(a) Plaintiff may not recover any amount of damages if their percentage of responsibility is greater than fifty percent (50%), regardless of the theory of recovery pled. Tex. Civ. Prac. & Rem. Code §33.001.

(b) Plaintiff may not be awarded exemplary damages unless they establish by clear and convincing evidence that Defendant acted with malice, which Defendant denies. Tex. Civ. Prac. & Rem. Code §41.003. Defendant further requests that the jury be instructed as required by Tex. Civ. Prac. & Rem. Code §41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendant denies.

(c) Defendant further affirmatively alleges that in accordance with Texas Civil Practice and Remedies Code §33.013, a defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of that defendant's responsibility, when compared with that of each responsible party, settling party and each responsible third party is greater than fifty percent (50%). Accordingly, Defendant specifically denies any claims for the imposition of joint and several liability against it.

2.03    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if Plaintiff was damaged as alleged, which is not admitted but is expressly denied, such damages were the result of an unavoidable accident.

2.04    For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the act or omission of a person other than Defendant was the sole proximate cause of the accident in question.

2.05    For further answer, if such be necessary, and pleading in the alternative, Defendant further invokes the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiff in this cause.

*Defendant's Original Answer and Jury Demand*
*In Response to Plaintiff's Original Petition*
25,345                                                                                                    2

2.06     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the acts or omissions of Plaintiff or of other third parties were the sole proximate cause or a new and independent cause of the accident and injuries complained of in this lawsuit.

2.07     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively states that Plaintiff's recovery, if any, of past medical expenses shall be reduced to the amount paid or incurred by Plaintiff or on behalf of Plaintiff pursuant to Section 41.0105 of the Tex. Civ. Prac. & Rem. Code.

2.08     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the jury finds that Plaintiff failed to mitigate the effect of the alleged injuries and damages as required by law.

2.09     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges some or all of the incapacity, disability and physical infirmities complained of by Plaintiff in this suit are the result of pre-existing injuries, conditions, infirmities, ailments, diseases or disabilities which were not caused or produced by or a result of the accident alleged by Plaintiff.  Therefore, Plaintiff's monetary recovery, if any, should be diminished by the proportion of damages assigned to causes other than the Defendant's alleged negligence.

2.10     For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that, pursuant to Tex. Civ. Prac. & Rem. Code §18.091, if Plaintiff seeks to recover for loss of earnings, loss of earning capacity, loss of contributions of pecuniary value, or loss of inheritance, Plaintiff must prove the loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any Federal income tax law. Defendant

*Defendant's Original Answer and Jury Demand*
*In Response to Plaintiff's Original Petition*
25,345                                                                                                                              3

further requests the Court, pursuant to Tex. Civ. Prac. & Rem. Code §18.091 to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

2.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further specifically denies that it is liable for prejudgment interest in this cause of action as pled by Plaintiff, in a good faith argument for the modification or reversal of existing law.

2.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that if such a condition existed on Defendant's premises, which is not admitted but strictly denied, then the alleged condition was open and obvious to Plaintiff.

## III.
## JURY DEMAND

Defendant requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant prays that upon final trial and hearing hereof, Defendant have judgment in accordance with the law and facts in accordance with same as found by this Honorable Court and/or Jury, and for such other and further relief, legal or equitable, general or special, to which Defendant may show itself justly entitled to receive.

*Defendant's Original Answer and Jury Demand*
*In Response to Plaintiff's Original Petition*
25,345                                                                                                    4

Respectfully submitted,

COLVIN, SAENZ, RODRIGUEZ & KENNAMER LLP

By: _____

    Jaime A. Saenz
    Texas Bar No. 17514859
    Email: ja.saenz@rcclaw.com
    Omar A. Saenz
    Texas Bar No. 24083777
    Email: oa.saenz@rcclaw.com
    1201 East Van Buren Street
    Brownsville, TX 78520
    (956) 542-7441
    Fax (956) 541-2170

**ATTORNEYS FOR DEFENDANT WAL-MART STORES TEXAS, LLC**

*Defendant's Original Answer and Jury Demand*
*In Response to Plaintiff's Original Petition*
25,345    5

Electronically Submitted
2/26/2021 4:48 PM
Hidalgo County Clerk
Accepted by: Sandra Falcon

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>Rojelio Garza  Email: <u>attomeyrgarza@yahoo.com</u>
>Law Offices of Rojelio Garza
>4405 N. McColl Road
>McAllen, TX, 78504
>Attorney for Plaintiff

by ECF delivery, electronic transmission, certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Texas Rules of Civil Procedure, on this the 26th day of February, 2021.

_____
Jaime A. Saenz

*Defendant's Original Answer and Jury Demand*
*In Response to Plaintiff's Original Petition*
25,345                                                                                                           6